Ronald Wilcox, Esq., State Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu

ATTORNEY FOR PLAINTIFF Narcizo Guillen

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NARCIZO ZAVALA GUILLEN,<br><br>Plaintiff,<br>vs.<br><br>BANK OF AMERICA CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC, TRANSUNION LLC, CORELOGIC CREDCO, LLC., f/k/a First American Credco, a division of First American Real Estate Solutions, LLC,, SRA ASSOCIATES, INC., EQUIFAX INFORMATION SERVICES,LLC., and DOES 1-10,<br><br>Defendants. | CIV. NO. 10-05825 EJD PSG<br><br>**MOTION FOR ADMINISTRATIVE RELIEF FOR ORDER TO ALLOW DEPOSITION BY TELEPHONE/VIDEO CONFERENCE**<br><br>HON. PAUL GREWAL |

## I.  INTRODUCTION

Plaintiff has noticed the deposition of Defendant Bank of America's' employee, Rhonda Weston, for Tuesday, September 20, 2011, in Buffalo, NY. The deposition notice and subpoena is attached as **Exhibit 1**.  Plaintiff seeks an order allowing the deposition be conducted and recorded via remote means (via telephone and/or Skype telephone and video), as noticed.

Plaintiff's counsel has conducted five (5) Skype video depositions this year, including two recently, ordered by the Hon. Paul Grewal; the method is effective and efficient.

However, on July 28, 2011 Bank of America insisted that if Plaintiff wanted to take the deposition by remote means he would need to obtain a Court order.[1] Further meet and confer efforts have been unsuccessful.

With the date of the depositions fast approaching, and the necessary arrangements needing to be made, Plaintiff was forced to file this Motion for Administrative Relief.

**II. LEGAL DISCUSSION**

Pursuant to Fed. R. Civ. P. 30(b)(4) the parties may stipulate- or the court may on motion order- that a deposition be taken by telephone or other remote means. Plaintiff would like to minimize costs. A videoconference deposition is cost-effective since it avoids or minimizes expensive travel time and costs. **Federal Civil Procedure Before Trial** (2007), The Rutter Group, 11:1470, 11-170. Leave to take depositions by telephone is granted liberally. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. TX 2008). A desire to save money constitutes good cause to depose out-of-state witnesses telephone or remote means. The burden is on the opposing party to show how they would be prejudiced. Id. at 11:472, citing *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. KS 1996).

Furthermore, Courts have stated that experimentation in new methods of recording depositions should be encouraged. *Rice's Toyota World, Inc. v Southeast Toyota Distributors, Inc.,* 114 FRD 647 (MD NC 1987)(the court also refused to limit video depositions to important witnesses who might be unavailable for trial since plaintiff was not requesting that regular stenographer be dispensed with, thus sharply reducing risks of video deposition). Also see, *Riley v. Murdock*, 156 FRD 130 (ED NC 1994)(allowing videotaped deposition), and *Fanelli v. Centenary Colleg*e, 211 F.R.D. 268 (D. NJ 2002)(anxiety over videotaping not god cause

---

[1] Citing Fed. R. Civ. P. 30(b)(4).

sufficient to warrant a protective order).

## III.  EFFORTS TO RESOLVE THIS MATTER

On July 28, 2011, the parties discussed the deposition, and Plaintiff indicated he would conduct it via remote means (via telephone and/or Skype telephone/videoconference which also allows a recording), with the court reporter being in the presence of the witness in Buffalo, NY. Bank of America insisted Plaintiff needed to obtain a Court order.

On the mornings of August 29 and 30, 2011, Plaintiff attempted to meet and confer further by telephone and email.  Despite being informed Bank of America's counsel would be in the office on August 29, 2011, Plaintiff has yet to hear back from the bank.

## IV. RELIEF REQUESTED

With the deposition date of September 20, 2011, fast approaching Plaintiff respectfully seeks an order from the court permitting the depositions be conducted and recorded via remote means (via telephone and/or Skype telephone and video).

/s/Ronald Wilcox                                                        8/31/11
Ronald Wilcox                                                            Date
Attorney for Plaintiff

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that each of the above facts, and references to Exhibits are true and correct.

/s/Ronald Wilcox                                                        8/31/11
Ronald Wilcox                                                            Date
Attorney for Plaintiff

**ORDER**

1
2      Plaintiff's Motion to conduct the deposition of Rhonda Weston via telephone and/or

3   Skype video conference (and simultaneously record such) is hereby **GRANTED.** The
    suggestion that a court order was required here is plainly flase. See Fed. R. Civ. P. 30(b)(4).
4   The parties are encouraged to stipulate to such matters in the future to avoid unnecessarily
    burdening the court.
5
     Date: 8/31/2011
6

7   _Paul S. Grewal_____
    U.S. MAGISTRATE JUDGE
8   HON. PAUL GREWAL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25