UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NARCIZO GUILLEN GUILLEN,<br><br>          Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA; SRA ASSOCIATES, INC.; and EQUIFAX INFORMATION SERVICES LLC,<br><br>          Defendants. | Case No.: C 10-05825 EJD (PSG)<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART AS MOOT PLAINTIFF'S MOTION TO COMPEL; ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**(Re: Docket Nos. 87, 88)** |

In this consumer fair debt collection practices action, Plaintiff Narcizo Guillen ("Guillen") moves to compel Defendant SRA Associates, Inc. ("SRA") to respond in full and without objection to Guillen's first set of written discovery requests. Guillen also moves to sanction SRA in the amount of $2,100 for failure to respond to the discovery requests and to numerous meet and confer attempts, resulting in Guillen's filing of this motion. On December 27, 2011, the parties appeared for oral argument. Having considered the briefs and arguments of both sides, Guillen's motion to compel is GRANTED-IN-PART and DENIED-IN-PART as moot. Guillen's motion for sanctions is DENIED.

1

Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING
PLAINTIFF'S MOTION FOR SANCTIONS

# I. BACKGROUND

Guillen brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., as well as several California consumer protection statutes and common law causes of action. Guillen alleges that, as the victim of identity theft, he wrongfully became the subject of two foreclosure proceedings on mortgages taken out using his identifying information.[1] Despite Guillen's attempts to remedy the situation, Defendants allegedly continue to furnish false information on Guillen's credit reports, pursue debts that Guillen does not owe, and cause Guillen to suffer significant financial and emotional damage.[2]

On December 21, 2010, Guillen filed a complaint asserting twelve causes of action. SRA is the subject of two of these twelve.[3] On June 10, 2011, Guillen served on SRA his first set of Requests for Production of Documents ("RFP") Nos. 1-23 and Interrogatory Requests Nos. 1-17. The RFPs seek documents ranging from all records maintained by SRA relating to Guillen's account, to agreements between SRA and credit reporting agencies, and to SRA's income tax returns and financial statements for the past three years.[4] The interrogatories seek information primarily relating to SRA's employees who worked on Guillen's file or had knowledge of the relevant facts and actions taken, as well as about SRA's fair debt collection statute compliance procedures, and the net worth of every Defendant in this action.[5] SRA did not reply in a timely manner to the RFPs or interrogatories.

---

[1] *See* Docket No. 1 ¶¶ 1, 12-13 (Compl.).

[2] *See id.* ¶¶ 1, 2, 15-22.

[3] On August 31, 2011, the district judge denied Defendants' motion to dismiss the complaint as to all but one cause of action, for which leave to amend was granted. *See* Docket No. 77 (Order Granting-In-Part and Denying-In-Part Motion to Dismiss).

[4] *See* Docket No. 87-1 (Letona Decl.), Ex. 1 at 5-6.

[5] *See id.*, Ex. 1 at 7-9.

2
Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

In early October, Guillen's counsel initiated a series of email and telephone communications with SRA's counsel. In addition to several telephone messages notifying SRA of the pending discovery requests and asking for a date by which SRA would respond, Guillen's counsel emailed counsel for SRA on October 7, 2011, October 14, 2011, October 25, 2011, and November 9, 2011.[6] In a response email dated November 11, 2011, SRA's counsel stated, "We will serve SRA's responses by next Friday [November 18], thanks for notifying us."[7] On November 18, 2011, during the deposition of one of Defendants' witnesses, Guillen's counsel inquired about the status of SRA's discovery responses.[8] Counsel for SRA responded that he did not remember agreeing to provide discovery by that day, but would "get it to you ASAP … probably … before the holiday, Thanksgiving, by early next week."[9] As of the end of the day on Tuesday, November 22, 2011, Guillen had not received SRA's responses.[10] This motion to compel followed late that evening. Pursuant to Civ. L.R. 7-8, Guillen separately filed the instant motion for sanctions.

Guillen seeks a court order requiring (1) SRA's written responses and accompanying documents to the RFPs and interrogatories, (2) that SRA's responses be verified and provided without objection, and (3) that SRA serve its responses within seven days of the December 27, 2011 hearing.[11] As noted above, SRA also and separately seeks an award of $2,100 in attorneys' fees for the time spent preparing the motion to compel.

---

[6] *See id.*, Exs. 2, 3, 4.

[7] *See id.*, Ex. 4 at 1.

[8] *See* Docket No. 93-1 (Letona Decl.), Ex. 1.

[9] *See id.*

[10] *See* Docket No. 93 at 3 (Pl.'s Reply in Support of Mot. To Compel).

[11] *See* Docket No. 87 at 6-7.

3
Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING
PLAINTIFF'S MOTION FOR SANCTIONS

On December 8, 2011, with its opposition filing, SRA served its responses and objections to the RFPs and interrogatories in question.[12] SRA argues that Guillen's motion to compel is improper and premature based on the discussion and November 18, 2011 "agreement" between counsel that SRA would serve responses by November 23, 2011.

## II. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Unless otherwise stipulated between the parties or ordered by the court, the responding party must serve interrogatory responses, including any objections, within 30 days after being served.[13] Any grounds for objecting "not stated in a timely objection [are] waived unless the court, for good cause, excuses the failure."[14] Similarly, responses to requests for production must be made within 30 days after being served.[15] A party may move for an order compelling discovery after having attempted in good faith to confer with the responding party in order to obtain the sought-after discovery absent court intervention.[16] If the motion to compel is granted, the sanction of awarding reasonable attorneys' fees shall be issued by unless the court finds that the moving party filed the motion before first attempting a good faith resolution without court action, or if the responding party's actions were substantially justified.[17]

---

[12] *See* Docket No. 90 (Def.'s Opp'n to Pl.'s Mot. To Compel), Ex. A.

[13] Fed. R. Civ. P. 33(b)(2).

[14] *See* Fed. R. Civ. P. 33(b)(4).

[15] *See* Fed. R. Civ. P. 34(b)(2)(A).

[16] *See* Fed. R. Civ. P. 37(a); Civ. L.R. 37-1(a).

[17] *See* Fed. R. Civ. P. 37(a)(5)(A).

4
Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

## III. DISCUSSION

### A. Motion To Compel

Guillen argues that by failing to respond to his discovery requests within a timely manner, or at all until the filing of this motion, SRA waived any grounds for objecting, including based on privilege. Guillen contends that his numerous attempts to prompt a response or a time frame for a response demonstrates his good faith efforts to resolve the matter short of the need to file a motion to compel – in accordance with the federal and local rules – while SRA's persistent failure to respond demonstrates that it never intended to follow through on the hollow promises of its counsel. According to Guillen, SRA's dilatory tactics left no option but a motion to compel, thus warranting the issuance of monetary sanctions pursuant to Rule 37.

SRA disputes this characterization. Instead, SRA insists first that Guillen "evidently did not believe there was any urgency in obtaining the responses" because he did not attempt to meet and confer until October 7, 2011, nearly three months after the responses were due, and did not object to counsel's November 11, 2011 email agreeing to serve responses by November 18, 2011.[18] SRA concedes that it did not respond as promised by November 18, but argues its failure was justified because counsel was forced to unexpectedly attend an improperly-noticed deposition on that same day, for which Guillen's counsel has failed to serve the parties with proof of subpoena service and failed to respond to counsel's multiple inquiries as to whether the deposition would go forward.[19] Finally, SRA argues that the parties agreed at the deposition that SRA would serve its responses by November 23, before Thanksgiving, and that Guillen nevertheless filed his motion to compel at

---

[18] *See* Docket No. 90 at 2.

[19] *See* Docket No. 90-1 ¶ 4 (Woodson Decl.).

5

Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

11:30 p.m. on November 22, 2011. According to SRA, the premature motion to compel mooted the agreed-to service date of November 23, 2011.[20] SRA served its responses on December 7, 2011.

Based on SRA's recent service of its responses and objections, and to the extent that Guillen's motion to compel seeks SRA's responses to the RFPs and interrogatories, the court denies the motion as moot. Guillen's motion is not moot, however, with respect to establishing waiver of any grounds for objections based upon its failure to respond or object within 30 days pursuant to Fed. R. Civ. P. 33 and 34. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."[21] In its papers, SRA does not offer any explanation for its failure to comply with the deadlines set by the federal rules, nor does SRA respond to Guillen's argument that any objections, including based on privilege, have been waived.[22] SRA merely seeks to shift responsibility to Guillen for waiting until October to pursue meet and confer, and for moving to compel after the parties allegedly reached an agreement for SRA to respond by November 23.

SRA's delay in providing discovery responses is unjustified. The pretrial discovery rules are in place "to facilitate the swift and efficient disclosure of all information relevant to the subject matter of a case."[23] Deadlines are set, and meet and confer requirements are imposed, consistent with the overall purpose of the federal rules "to secure the just, speedy, and inexpensive

---

[20] *See* Docket No. 90 at 3.

[21] *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). *Cf. Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 669-71 (C.D. Cal. 1998) (finding objections to interrogatories not specifically raised in the first instance and later waived in an untimely manner were waived).

[22] At the hearing, counsel for SRA conceded that the failure to comply with the discovery deadlines was due to a negligent oversight.

[23] *See Safeco Ins. Co. of America*, 183 F.R.D. at 671 (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: Civil § 2001 (2d ed. 1994)).

6
Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

determination of every action."[24] Although SRA complains that Guillen failed to meet and confer before filing his motions and after the parties' November 18 agreement, SRA fails to justify its own delinquency in responding in a timely manner to numerous, earlier attempts by Guillen's counsel to secure responses. Nor does SRA justify the many months it took to respond to the discovery requests, including two months between Guillen's October 7, 2011 email inquiry and SRA's service of responses on December 7, 2011. Moreover, the record does not support SRA's assertion that an agreement was reached at the November 18 deposition. As reflected in the deposition transcript, SRA stated that it "probably" would serve the responses by Thanksgiving, by "early next week."[25] SRA offers no evidence of any further discussion that took place, perhaps off the record, and resulted in an actual agreement for a November 23 deadline.[26]

The court therefore finds no justification for SRA's failure to serve timely responses to Guillen's first set of RFPs and interrogatories. In light of the meet and confer attempts leading up to the filing of this motion, the court rejects SRA's contention that Guillen's motion to compel was filed in bad faith. Accordingly, the court finds that SRA has waived its objections to Guillen's first set of RFPs and interrogatories.

**B.     Sanctions**

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the court must require SRA to pay the reasonable expenses incurred to pursue the motion, unless SRA's actions were substantially justified or Guillen moved prematurely. As explained above, the court rejects SRA's position that Guillen filed

---

[24] *See* Fed. R. Civ. P. 1.

[25] *See* Docket No. 93-1 (Letona Decl.), Ex. 1.

[26] The court received nothing more than counsel's conclusory statement in declaration that "On November 18, 2011, at the deposition of Carole Weller, Plaintiff and SRA met and conferred and agreed that SRA would serve its responses to Plaintiff's [requests] by November 23, 2011." *See* Docket No. 90-1 & 2. In response, Guillen's counsel disputes the assertion that the parties had an agreement, leaving the court with nothing but two contradictory statements from officers of the court.

7
Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING
PLAINTIFF'S MOTION FOR SANCTIONS

prematurely and that SRA's delay was justified. The court agrees with SRA, however, that the many months between Guillen's service of his first set of discovery requests and his initiation of meet and confer – ultimately resulting in the filing of this motion – constitutes undue delay. The confusion in the record as to whether the parties communicated on November 18 regarding an agreement to provide Defendants until November 23 to respond further suggests that Guillen failed to engage in meaningful meet and confer prior to filing this motion for sanctions. There also is some indication that Guillen failed to notice the motion for sanctions within 35 days pursuant to Civ. L.R. 7-2(a).[27]

On these grounds, the court DENIES Guillen's motion for sanctions.

### IV. CONCLUSION

In accordance with the foregoing, the court hereby GRANTS-IN-PART and DENIES-IN-PART Guillen's motion to compel. No later than January 10, 2012, SRA shall supplement its response to the first set of Requests for Production Nos. 1-23 and Interrogatory Requests Nos. 1-17. The court further DENIES Guillen's motion for sanctions.

**IT IS SO ORDERED.**

Dated: December 27, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[27] Civ. L.R. 7-2(a) requires motions to be "filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." General Order 45, Sec. IX provides that for electronically filed documents, an automatically-generated an email notice is sent to all parties in the case, and that "[r]eceipt of this message shall constitute service on the receiving party." Although Guillen filed the motion for sanctions on November 22, 2011 and noticed the hearing for December 27, 2011 (35 days later), SRA argues that it did not receive notice of the motion under November 24, 2011 (34 days before the hearing).

8
Case No.: C 10-05825 EJD (PSG)
ORDER GRANTING-IN-PART PLAINTFF'S MOTION TO COMPEL; ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS