UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NARCIZO GUILLEN GUILLEN,<br><br>                    Plaintiff,<br>        v.<br><br>BANK OF AMERICA; SRA ASSOCIATES, INC.; and EQUIFAX INFORMATION SERVICES LLC,<br><br>                    Defendants. | Case No.: C 10-05825 EJD (PSG)<br><br>**ORDER  GRANTING-IN-PART PLAINTIFF'S *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF**<br><br>**(Re: Docket No. 91)** |

In this consumer fair debt collection practices action, Plaintiff Narcizo Guillen ("Guillen") moves *ex parte* for administrative relief for an order to allow all deposition in this case to proceed by telephone and/or video conference. Defendant Experian Information Solutions, Inc. ("Experian") is the sole Defendant to respond to Guillen's motion.

Guillen seeks to reduce the cost of this litigation by securing a court order permitting all depositions to be conducted and recorded via remote means, either telephone and/or Skype telephone and video. Guillen argues that his request relieves the court of the burden of individual requests for remote deposition pursuant to Fed. R. Civ. P. 30(b)(4), for those instances in which the parties are unable to reach a stipulated agreement. Experian does not dispute that telephone and/or

1

Case No.: C 10-05825 EJD (PSG)
ORDER

video deposition may be appropriate, but objects to the blanket nature of the relief sought – prior to Guillen's engaging in meet and confer with Experian – as well as to the specific use of Skype technology. According to Experian, Skype may compromise the security and integrity of the process, presenting a risk that testimony involving confidential, proprietary, and trade secret information will be exposed to a third party "listening in" to data transmitted over the system. Experian offers to provide access to secure WebEx video conferencing, at no cost to Guillen, for any telephone and/or video depositions of its witnesses.[1]

Fed. R. Civ. P. 30(b)(4) provides that a deposition may be taken via telephone or by other remote means upon stipulation of the parties or by court order on motion. Consistent with its earlier order granting Guillen's motion to conduct a particular deposition by telephone and/or Skype video conference,[2] the court finds that Skype is an acceptable form of "remote means" within the meaning of Rule 30, and a suitable vehicle to reduce litigation costs. Absent some evidence that Skype videoconferencing is inadequate for this purpose,[3] the court hereby GRANTS Guillen's motion, subject to the following condition. This order does not relieve the parties of their obligation to meet and confer on discovery matters. Should a defendant object to Skype technology in particular, that party remains free to offer an alternative, remote solution to which the parties

---

[1] *See* Docket No. 92 at 2 (Experian Information Solutions, Inc.'s Response to Plaintiff's Ex Parte Application).

[2] *See* Docket No. 78 (granting motion to conduct deposition via telephone and/or video conference (and simultaneously record as such)).

[3] The court notes that in addition to the several Skype video depositions already taken in this case, Skype has been used or approved for deposition purposes in numerous other cases. *See, e.g., Garcia v. Resurgent Capital Servs., Inc.*, 11-CV-01253-EMC (N.D. Cal. 2011) (Docket No. 57) (granting permission for all depositions to be taken via Skype videoconferencing, per stipulation of the parties); *Degenhart v. Arthur State Bank*, CV411-041, 2011 WL 4351491, at *3 (S.D. Ga. Sept. 15, 2011) ("[I]n the modern age … depositions are now readily taken inexpensively by *internet video* (*e.g.*, Skype) or through somewhat more expensive, but still efficient, video conferencing facilities.") (emphasis in original) (citing *Sloniger v. Deja*, 09CV858S, 2010 WL 5343184, at 10-12 (W.D.N.Y. Dec. 20, 2010)).

2
Case No.: C 10-05825 EJD (PSG)
ORDER

may stipulate. As to any upcoming depositions of Experian witnesses, the court further GRANTS Experian's request that the parties use WebEx instead of Skype.

**IT IS SO ORDERED.**

Dated: December 27, 2011

PAUL S. GREWAL
United States Magistrate Judge

3
Case No.: C 10-05825 EJD (PSG)
ORDER